United States District Court
Southern District of Texas
**ENTERED**
July 21, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JEWELL THOMAS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 2:22-CV-00163 |
| | § | |
| ISAAC KWARTENG, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## ORDER ADOPTING MEMORANDUM & RECOMMENDATION

Before the Court is Magistrate Judge Julie K. Hampton's Memorandum and Recommendation ("M&R"), which recommends that Defendants Dr. Isaac Kwarteng, Dr. Lanette Linthicum, Warden Jerry Sanchez, and Director Bobby Lumpkin's motion to dismiss be granted in part and denied in part. (D.E. 21, p. 1). Specifically, the M&R recommends the Court grant the motion to dismiss to the extent that:

- Plaintiff's claim under the ADA for monetary damages against Defendants in their official capacities is barred by the Eleventh Amendment; and

- Plaintiff's claim under the ADA/RA for injunctive relief against Director Lumpkin[1] and Dr. Linthicum in their official capacities are barred by the Eleventh Amendment.

The M&R recommends the Court deny the motion to dismiss to the extent that:

- Defendants seek Eleventh Amendment immunity as to Plaintiff's claim under the RA for monetary damages against them in their official capacities; and

- Defendants seek Eleventh Amendment immunity as to Plaintiff's ADA/RA claims for injunctive relief against Dr. Kwarteng and Warden Sanchez in their official capacities.

---

[1] At times, the M&R refers to Plaintiff's claims against "Director Collier," *see* (D.E. 21, p. 18–19); however, Director Collier has never been named as a defendant in this case, and the Court finds that the M&R's references to Director Collier mean Director Lumpkin.

Plaintiff timely filed objections to the M&R. (D.E. 22).

When a party objects to the findings and recommendations of a magistrate judge, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also* FED. R. CIV. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). As to the portions of the M&R unobjected to, the district judge need only determine whether the M&R is clearly erroneous or contrary to law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam); *Powell v. Litton Loan Servicing, LP*, No. CIV. A. H-14-2700, 2015 WL 3823141, at *1 (S.D. Tex. June 18, 2015) (Harmon, J.).

Here, Plaintiff solely objects to the M&R's recommendation that Dr. Linthicum and Director Lumpkin be dismissed from this lawsuit. (D.E. 22, p. 1).[2] Plaintiff argues that "[w]ith respect to ADA/RA claims[,] the doctrine of respondeat superior applies[,]" and Dr. Linthicum and Director Lumpkin are supervisors of Dr. Kwarteng and Warden Sanchez. *Id.* The Court reads Plaintiff's objection as directed towards the M&R's recommendation that Plaintiff's ADA/RA claims for *injunctive* relief against Dr. Linthicum and Director Lumpkin be dismissed.

The M&R found that Plaintiff "fail[ed] to allege sufficient facts to connect either Director [Lumpkin] or Dr. Linthicum" to the alleged violation in this case. (D.E. 21, p. 18). Absent these specific allegations, the M&R concluded that "it cannot be plausibly inferred that these defendants played any role in the decisions challenged by Plaintiff as violating the ADA and RA." *Id.* Thus,

---

[2] Notably, contrary to Plaintiff's assertion, the M&R does not recommend dismissing Dr. Linthicum and Director Lumpkin as defendants entirely. *See* (D.E. 22, p. 1). Rather, the M&R recommends that the Court dismiss Plaintiff's ADA claim seeking monetary damages against Defendants, *see* (D.E. 21, p. 14), and the ADA/RA claims seeking injunctive relief against Dr. Linthicum and Director Lumpkin, *see id.* at 19, the M&R recommends that the Court retain Plaintiff's RA claim seeking monetary damages against Dr. Linthicum and Director Lumpkin, *see id.* at 15.

the M&R recommended dismissing Plaintiff's ADA/RA claims for injunctive relief against Director Lumpkin and Dr. Linthicum as barred by the Eleventh Amendment. *Id.* at 19.

For Director Lumpkin and Dr. Linthicum to be sued for injunctive relief under the ADA/RA, Plaintiff's suit must fall under the *Ex parte Young* exception. *See Haverkamp v. Linthicum*, 6 F.4th 662, 669 (5th Cir. 2021). To be amenable to suit under the doctrine, Plaintiff must adequately plead these defendants possess "the authority to enforce the challenged law" and have a "sufficient connection to the enforcement of the challenged act." *Id.* at 670 (cleaned up). Although, as Plaintiff suggests, "when a plaintiff asserts a cause of action against an employer-municipality, under either the ADA or RA, the public entity is liable for the vicarious acts of any of its employees as specifically provided by the ADA[,]" *see Delano-Pyle v. Victoria Cnty.*, 302 F.3d 567, 574–75 (5th Cir. 2002), that does not impact the requirement that Plaintiff adequately plead the above against defendants, *see Haverkamp*, 6 F.4th at 670, to fit his ADA/RA claims against Director Lumpkin and Dr. Linthicum for injunctive relief under the *Ex parte Young* doctrine. As such, Plaintiff's objection that Plaintiff's ADA/RA claims against Director Lumpkin and Dr. Linthicum for injunctive relief should not be dismissed based on respondeat superior is **OVERRULED**. (D.E. 22).

Having carefully reviewed the proposed findings and conclusions of the M&R, the record, and the applicable law, and having made a de novo review of the portions of the M&R to which Plaintiff's objections were directed, the Court **ADOPTS** the M&R in its entirety. (D.E. 21). As such, the Court **GRANTS in part and DENIES in part** Defendants' motion to dismiss. (D.E. 13). The Court **GRANTS** the motion to dismiss to the extent that:

- Plaintiff's claim under the ADA for monetary damages against Defendants in their official capacities is barred by the Eleventh Amendment; and

- Plaintiff's claim under the ADA/RA for injunctive relief against Director Lumpkin and Dr. Linthicum in their official capacities are barred by the Eleventh Amendment.

The Court **DENIES** the motion to dismiss to the extent that:

- Defendants seek Eleventh Amendment immunity as to Plaintiff's claim under the RA for monetary damages against them in their official capacities; and

- Defendants seek Eleventh Amendment immunity as to Plaintiff's ADA/RA claims for injunctive relief against Dr. Kwarteng and Warden Sanchez in their official capacities.

SO ORDERED.

_____
DAVID S. MORALES
UNITED STATES DISTRICT JUDGE

Signed: Corpus Christi, Texas
    July 20th, 2023